Chanel L. Oldham (# 260561)
 coldham@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
 CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel:  (626) 535-1900 | Fax:   (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.,
successor by merger with Wells Fargo
Bank Southwest, N.A., f/k/a
Wachovia Mortgage, FSB, f/k/a
World Savings Bank, FSB ("Wells
Fargo")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK FLORENCE,<br><br>                 Plaintiff,<br><br>     v.<br><br>WELLS FARGO BANK, N.A.; and DOES 1-10, Inclusive,<br><br>                 Defendants. | CASE NO.: 2:14-cv-00824-JAK-JEM<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   April 14, 2014<br>Time:   8:30 a.m.<br>Ctrm:   750<br><br>[Assigned to the Hon. John A. Kronstadt] |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 14, 2014, at 8:30 a.m., or as soon

thereafter as the matter may be heard, in Courtroom 750 of the above-entitled

Court, located at 255 E. Temple Street, Los Angeles, California 90012, defendant

Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest,

N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells

Fargo") will move for an order dismissing the complaint for failure to state a claim

pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Grounds for the motion are**:**

**<u>First Claim For Relief:  Negligence</u>**

Plaintiff fails to state a claim for relief because: (i) Wells Fargo was under no obligation to grant plaintiff a loan modification; (ii) plaintiff is not a third party beneficiary to the HAMP agreement; and (iii) Wells Fargo owed plaintiff no tort duty of care as his lender.

**<u>Second Claim For Relief:  Negligent Misrepresentation</u>**

Plaintiff fails to state a claim for relief because: (i) Wells Fargo was under no obligation to grant plaintiff a loan modification; (ii) plaintiff is not a third party beneficiary to the HAMP agreement; (iii) Wells Fargo owed plaintiff no tort duty of care as his lender; (iv) the claim lacks particularity; and (v) plaintiff failed to plead justifiable reliance.

**<u>Third Claim For Relief:  Promissory Estoppel</u>**

Plaintiff fails to state a claim for relief because: (i) Wells Fargo was under no obligation to grant plaintiff a loan modification; (ii) plaintiff is not a third party beneficiary to the HAMP agreement; (iii) plaintiff has not alleged a clear and unambiguous promise; (iv) plaintiff has not and cannot establish his reliance; and (v) the statute of frauds bars a promissory estoppel claim.

**<u>Fourth Claim For Relief:  Breach of the Implied Covenant of Good Faith and Fair Dealing</u>**

Plaintiff fails to state a claim for relief because: (i) Wells Fargo was under no obligation to grant plaintiff a loan modification; (ii) plaintiff is not a third party beneficiary to the HAMP agreement; (iii) plaintiff failed to allege facts showing that Wells Fargo unfairly interfered with plaintiff's right to receive the benefits of the contract; and (iv) plaintiff did not adequately plead his performance under the contact or any excuse for his non-performance.

**<u>Fifth Claim For Relief:  Violation of the Homeowner's Bill of Rights</u>**

Plaintiff fails to state a claim for relief because: (i) Wells Fargo was under

Anglin Flewelling Rasmussen Campbell & Trytten LLP

1  no obligation to grant plaintiff a loan modification; (ii) plaintiff is not a third party

2  beneficiary to the HAMP agreement; (iii) plaintiff failed to plead a violation of

3  Civil Code §2924.18; (iv) plaintiff failed to plead a violation of Civil Code

4  §2923.7; (v) plaintiff failed to plead a violation of Civil Code §2923.5; (vi)

5  plaintiff failed to plead a violation of Civil Code §2924.17; and (vii) plaintiff failed

6  to tender precluding equitable relief.

7  **Sixth Claim For Relief:  Violation of Business & Professions Code**

8  **Section 17200**

9  Plaintiff fails to state a claim for relief because: (i) Wells Fargo was under

10  no obligation to grant plaintiff a loan modification; (ii) plaintiff is not a third party

11  beneficiary to the HAMP agreement; (iii) the "fraudulent" prong failed to meet

12  Rule 9(b) requirements; (iv) plaintiff failed to raise a predicate "unlawful" act; (v)

13  plaintiff failed to tender any claims to support the "unfair" prong of the claim; and

14  (vi) plaintiff lacks stating to raise this claim.

15  As required by Local Rule 7-3, counsel for Wells Fargo and plaintiff's

16  counsel have met and conferred several times both electronically and

17  telephonically.  Most recently,  the parties met and conferred telephonically on

18  February 24, 2014.

19                                    Respectfully submitted,

20  Dated:  March 10, 2014          ANGLIN, FLEWELLING, RASMUSSEN,
21                                        CAMPBELL & TRYTTEN LLP

22
23                                  By:    /s/ Chanel L. Oldham
                                        Chanel L. Oldham
24                                      coldham@afrct.com
                                    Attorneys for Defendant
25                                  WELLS FARGO BANK, N.A., successor
                                    by merger with Wells Fargo Bank
26                                  Southwest, N.A., f/k/a Wachovia Mortgage,
                                    FSB, f/k/a World Savings Bank, FSB
27                                  ("Wells Fargo")

28

*Left margin (vertical):* ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES.................................................. 1

1.    INTRODUCTION............................................................................................ 1

2.    SUMMARY OF THE COMPLAINT AND JUDICIALLY
NOTICEABLE DOCUMENTS ...................................................................... 1

    A.    The Loan ............................................................................................. 1

    B.    Plaintiff's Allegations ........................................................................ 2

3.    PLAINTIFF HAS NO ENFORCEABLE RIGHT TO A LOAN
MODIFICATION ........................................................................................... 2

4.    PLAINTIFF CANNOT RECOVER IN NEGLIGENCE WITHOUT A
DUTY OF CARE (FIRST AND SECOND CLAIMS) .................................. 4

    A.    Wells Fargo Owes No Duty Of Care In Processing A
Modification Application................................................................... 4

    B.    The Negligent Misrepresentation Claim Lacks Specificity................. 5

    C.    Plaintiff Fails To Plead Any Damages ................................................. 6

    D.    Plaintiff Failed To Plead The Remaining Elements Of A
Negative Misrepresentation Claim .......................................... 7

5.    PROMISSORY ESTOPPEL FAILS UNDER THE STATUTE OF
FRAUDS AND FOR LACK OF NECESSARY ELEMENTS ..................... 8

    A.    Plaintiff Has Not Alleged A Clear And Unambiguous Promise .......... 8

    B.    Plaintiff Has Not And Cannot Establish His Reliance. ...................... 10

    C.    The Statute of Frauds Bars A Promissory Estoppel Cause Of
Action.................................................................................... 11

6.    PLAINTIFF FAILED TO PLED THE NECESSARY ELEMENTS
OF A BREACH OF THE IMPLIED COVENANT CLAIM ...................... 12

    A.    Plaintiff has not Alleged Facts Showing that Wells Fargo
Unfairly Interfered with Plaintiff's Right to Receive the
Benefits of the Contract. ................................................. 12

    B.    Plaintiff did not Adequately Plead his Performance under the
Contract or any Excuse for his Non-Performance............................. 13

    C.    Plaintiff is not Entitled to a HAMP Modification. ............................. 13

7.    THE "HBOR" HAS NO APPLICATION TO A NON-OWNER
OCCUPIED, INVESTMENT PROPERTY.................................................. 14

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

A.      The Property Is Not Owner Occupied and Plaintiff's §2923.5 Claim Fail ..................................................................................... 14

B.      Plaintiff Cannot State A Claim Under §2923.7 ................................. 16

C.      Plaintiff Cannot state A Claim Under §2924.11 ............................... 16

D.      Plaintiff Cannot state A Claim Under §2924.17 ............................... 17

E.      Plaintiff Cannot State A Claim Under §2924.18 .............................. 17

F.      Plaintiff Is Not Entitled To Injunctive Relief ................................... 17

8.     PLAINTIFF'S §17200 CLAIM FAILS BECAUSE PLAINTIFF FAILED TO ALLEGE THE ELEMENTS AND LACKS STANDING ...... 17

A.      The "Fraudulent" Prong Fails to Meet Rule 9(b) Requirements. ....... 19

B.      Plaintiff Failed To Raise A Predicate "Unlawful" Act ...................... 19

C.      Plaintiff Failed To "Tether" Any "Unfair" Practice. .......................... 20

D.      Plaintiff Lacks Standing To Raise His UCL Claim for Relief. .......... 21

9.     CONCLUSION ............................................................................ 21

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

2

<u>**TABLE OF AUTHORITIES**</u>

3

**Page(s)**

4

**FEDERAL CASES**

5

*Aguilar v. Int'l Longshoremen's Union Local # 10,*
  966 F.2d 443 (9th Cir. 1992) ........................................................9

6

*Alcaraz v. Wachovia Mortg., FSB,*
  592 F. Supp. 2d 1296 (E.D. Cal. Jan. 6, 2009) .........................20

7

8

*Chabner v. United Omaha Life Ins. Co.,*
  225 F.3d 1042 (9th Cir. 2000) ....................................................19

9

*DeLeon v. Wells Fargo Bank, N.A.,*
  2010 U.S. Dist. LEXIS 112941 (N.D. Cal. 2010) ...............13, 21

10

11

*Domnie v. Saxon Mortg.,*
  2010 U.S. Dist. LEXIS 76816 ...................................................3, 5

12

13

*Dooms v. Fed. Home Loan Mortg. Corp.,*
  2011 U.S. Dist. LEXIS 38550 (E.D. Cal. 2011)....................12, 13

14

*Fortaleza v. PNC Fin. Servs. Grp., Inc.,*
  642 F. Supp. 2d 1012 (N.D. Cal. 2009) ....................................14

15

16

*Glen Holly Entertainment, Inc. vs. Tektronix, Inc.,*
  100 F. Supp. 2d 1086, 1093-1094 (C.D. Cal. 1999). .................6

17

18

*Glenn K. Jackson Inc. v. Roe,*
  273 F.3d 1192 (9th Cir. 2001) ....................................................20

19

20

*Guglielmelli v. Wells Fargo Bank, N.A.,*
  2013 U.S. Dist. LEXIS 43063 ....................................................16

21

*Hoffman v. Bank of America, N.A.,*
  2010 U.S. Dist. LEXIS 70455 (N.D. Cal. June 30, 2010) ..........3, 4, 6, 14

22

23

*Ismail v. Wells Fargo Bank, N.A.,*
  2013 U.S. Dist. LEXIS 32594 (E.D. Cal. Mar. 8, 2013) ..........15

24

25

*Kearns v. Ford Motor Co.,*
  567 F. 3d 1120 (9th Cir. 2009) ...................................................19

26

*Lorenz v. Sauer,*
  807 F.2d 1509 (9th Cir. 1987) ......................................................6

27

28

*McDonald v. Coldwell Banker,*
  543 F.3d 498 (9th Cir. 2008) ......................................................20

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*McGough v. Wells Fargo Bank, N.A.,*
2012 U.S. Dist. LEXIS 151737 (N.D. Cal. Oct. 22, 2012)......................................16

*Michael J. Weber Living Trust,*
2013 U.S. Dist. LEXIS 41797, at *10-11 (N.D. Cal. 2013) .................................15

*Newgent v. Wells Fargo Bank, N.A.,*
2010 U.S. Dist. LEXIS 18476 (S.D. Cal. Mar. 2, 2010) ...................................10, 11

*Ortiz v. America's Servicing Co.*
2012 U.S. Dist. LEXIS 82092, at *15 (C.D. Cal. Jun. 11, 2012) ...............................5

*Perez v. Wells Fargo Bank, N.A.,*
2011 U.S. Dist. LEXIS 96706 (N.D. Cal. 2011) ...........................................12

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.,*
522 F.3d 1049 (9th Cir. 2008) ..............................................................6

*Qureshi v. Countrywide Home Loans, Inc.,*
2010 U.S. Dist. LEXIS 21843 (N.D. Cal. March 10, 2010)....................................19

*Thu Ha Nong v. Wells Fargo Bank, N.A.,*
2010 U.S. Dist. LEXIS 136464 (C.D. Cal. Dec. 6, 2010) ...................................15

*Ungerleider v. Bank of America Corp.,*
2010 U.S. Dist. LEXIS 138294 (C.D. Cal. Dec. 27, 2010) ....................................6

*Villa v. Wells Fargo Bank, N.A.,*
2010 U.S. Dist. LEXIS 23741 ...............................................................3

**STATE CASES**

*Abdallah v. United Savs. Bank,*
43 Cal. App. 4th 1101 (1996) .............................................................17

*Berryman v. Merit Prop. Mgmt., Inc.,*
152 Cal. App. 4th 1544 (2006) ...........................................................20

*Cadlo v. Owens-Illinois, Inc.,*
125 Cal. App. 4th 513 (2004) ............................................................19

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,*
222 Cal. App. 3d 1371 (1990) ............................................................12

*Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co.,*
20 Cal. 4th 163 (1999) ................................................................18, 20

*Farmers Ins. Exch. v. Super. Ct.,*
2 Cal. 4th 377 (1992) .................................................................18, 19

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Gaffney v. Downey Sav. & Loan*,
   200 Cal. App. 3d 1154 (1988) .................................................................17

*Garcia v. World Savs. Bank, FSB*,
   183 Cal. App. 4th 1031 (2010) .................................................................9

*Gregory v. Albertson's, Inc.*,
   104 Cal. App. 4th 845 (2002) .................................................................20

*Hall v. Time, Inc.*,
   158 Cal. App. 4th 847 (2008) .............................................................18, 21

*Ingels v. Westwood One Broad. Servs., Inc.*,
   129 Cal. App. 4th 1050 (2005) ...............................................................20

*Khoury v. Maly's, Inc.*,
   14 Cal. App. 4th 612 (1993) ...................................................................18

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003) .........................................................................18

*Lueras v. BAC Home Loans Servicing, LP*,
   221 Cal. App. 4th 49 (2013) ....................................................................5

*Mabry v. Superior Court*,
   185 Cal. App. 4th at 222-223, 231 ......................................................5, 6

*Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc.*,
   171 Cal. App. 4th 35 (2009) ....................................................................7

*Nguyen v. Calhoun*,
   105 Cal. App. 4th 428 (2003) .................................................................17

*Nymark v. Heart Fed. Savs. & Loan Ass'n*,
   231 Cal. App. 3d 1089 (1991) ..................................................................4

*Pasadena Live, LLC v. City of Pasadena*,
   114 Cal. App. 4th 1089 (2004) ...............................................................14

*Racine & Laramie, Ltd. v. Dep't of Parks & Rec.*,
   11 Cal. App. 4th 1026 (1993) .............................................................12, 14

*Saunders v. Super. Ct.*,
   27 Cal. App. 4th 832 (1994) ...................................................................18

*Secrest v. Security Nat'l Mortg. Loan Trust*,
   167 Cal. App. 4th 544 (2008) .................................................................11

*Sterling v. Taylor*,
   40 Cal. 4th 757 (2007) ...........................................................................12

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
  2 Cal. App. 4th 153 (1991) ................................................................7, 8, 19

*Toscano v. Greene Music*,
  124 Cal.App.4th 685 (2004) ....................................................................8

*US Ecology, Inc. v. State of California*
  129 Cal.App.4th 887 (2005) ....................................................................8

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200, *et seq.* ................................17, 18, 19, 20

Cal. Civ. Code § 1624(a)(6) ........................................................................11

Cal. Civ. Code § 2922 ..................................................................................11

Cal. Civ. Code § 2923.5 ...............................................................5, 6, 14, 15

Cal. Civ. Code § 2923.5(i) ...........................................................................15

Cal. Civ. Code § 2923.7 .........................................................................14, 16

Cal. Civ. Code § 2923.7(a) ..........................................................................16

Cal. Civ. Code § 2923.55 .............................................................................15

Cal. Civ. Code § 2924.11 .......................................................................14, 16

Cal. Civ. Code § 2924.17 .......................................................................14, 17

Cal. Civ. Code § 2924.18 .......................................................................14, 17

Cal. Civ. Code § 2924.18(b) ........................................................................17

**RULES**

Fed. R. Civ. P. 9(b) ............................................................................6, 7, 19

**OTHER AUTHORITIES**

Rest.2d Contracts, § 131 ..............................................................................12

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

This action arises from a refinance loan made by Wells Fargo Bank, N.A.'s ("Wells Fargo") predecessor, World Savings Bank, FSB ("World Savings") to plaintiff in 2007 in connection with an investment property.  Plaintiff failed to meet his obligations under the terms of the loan documents leading to the initiation of foreclosure proceedings.  This action followed.  For the reasons briefed herein, plaintiff fails to state any actionable claim against Wells Fargo.

## 2.   SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS

### A.   The Loan

On or around April 3, 2007, plaintiff obtained a refinance loan in the amount of $357,500.00 from World Savings[1] in order to secure the purchase of an investment property.  (Compl., ¶12.)  The loan was secured by a deed of trust recorded against real property located 113 E. Tichenor Street, Compton, California 90220 (the "Property").  (Request for Judicial Notice ("RJN") Exh. A).  Plaintiff purchased this property as an investment property and did not plan to occupy the property as his personal residence.  (RJN, Ex. A, pg. 14, §32).

"Due to financial hardships" (Compl., ¶14), plaintiff failed to meet his obligations under the loan, so the following documents were recorded with the Los Angeles County Recorder's Office:

---

[1] After the loan funded, World Savings Bank, FSB changed its name to Wachovia Mortgage, FSB, effective December 31, 2007.  In November 2009, Wachovia Mortgage, FSB converted to a national association named Wells Fargo Bank Southwest, N.A., which merged into Wells Fargo Bank, N.A. the same day.  (RJN Exhs. B, C, E, and E are documents issued by the Treasury Department's Office of Thrift Supervision and Comptroller of the Currency acknowledging the federal savings bank charter, authorizing the name changes, and approving the merger; Exh. F is a printout from the FDIC website showing the history and profile of World Savings Bank, FSB.)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  • A notice of default was recorded on October 25, 2011 as document no.

2  2011-1441423.  It quantified a default amount of $74,611.65 as of

3  October 24, 2011, and identified an initial default date of March 1, 2009.

4  (A true and correct copy is attached to the RJN as Exhibit G);

5  • A notice of sale, listing a sale date of February 22, 2012, was recorded on

6  February 1, 2012 as document no. 2012-0178365.  (A true and correct

7  copy is attached to the RJN as Exhibit H);

8  • A subsequent notice of sale, listing a continued sale date of May 30, 2013

9  was recorded on May 9, 2013 as document no. 2013-0700319.  (Compl.,

10  ¶23; A true and correct copy is attached to the RJN as Exhibit I).

11  **B.**    **Plaintiff's Allegations**

12  Despite defaulting more than four years ago on March 1, 2009, the Property

13  still has not been sold.  Moreover, despite being reviewed and denied for a loan

14  modification at least eight times (Compl., ¶14), plaintiff now asserts this lawsuit

15  based on allegations related to the servicing of his loan.  Plaintiff claims that Wells

16  Fargo (i) "promised to assist Plaintiff" (Compl., ¶14) and instead "continued to

17  deny Plaintiff for relief, contrary to the HAMP guidelines" (Compl., ¶16); (ii)

18  "promised a settlement or workout, but no good faith assistance was ever given"

19  (Compl., ¶21); (iii) "initiated foreclosure proceedings on Plaintiff's property

20  despite reassurances that this would not occur during the loan  modification

21  process" (Compl., ¶33); (iv) "failed to act in good faith and fair dealing when it

22  failed to advise Plaintiff of his available alternatives to avoiding foreclosure"

23  (Compl., ¶43); and (v) violated the HBOR.  Each and every claim fails for the

24  reasons briefed herein and Wells Fargo respectfully requests that this Court grant

25  the Motion without leave to amend.

26       **3.    PLAINTIFF HAS NO ENFORCEABLE RIGHT TO A LOAN**

27                          **MODIFICATION**

28  Plaintiff's entire complaint alleges that Wells Fargo improperly failed to

1  grant plaintiff a loan modification, and even alleges that Wells Fargo's denials of

2  plaintiff's loan modification applications were "contrary to the HAMP guidelines".

3  (Compl., ¶16).

4      Yet, Wells Fargo was under no obligation to grant a modification, even if

5  plaintiff was eligible. *Domnie v. Saxon Mortg*., 2010 U.S. Dist. LEXIS 76816, at

6  **4-5 (N.D. Cal. Jul. 14, 2010) (lender had no duty to modify loan).  Neither

7  federal nor state law mandates a lender to modify a loan contract just because the

8  borrower requests one .  *Hoffman v. Bank of America, N.A.*, 2010 U.S. Dist. LEXIS

9  70455, at *15 (N.D. Cal. June 30, 2010) ("lenders are not required to make loan

10  modifications for borrowers that qualify under HAMP; nor does the servicer's

11  agreement confer an enforceable right on the borrower"); *Villa v. Wells Fargo*

12  *Bank, N.A.*, 2010 U.S. Dist. LEXIS 23741, at **6-7 (S.D. Cal. Mar. 15, 2010)

13  ("[T]he HAMP agreement did not require loan servicers to modify eligible loans;

14  thus, the court found borrowers lacked standing to enforce the agreement.").

15      Moreover, the HAMP contract is an agreement between the federal

16  government and participating lenders.  Federal courts have recognized that

17  borrowers have no legally enforceable right to a loan modification under HAMP.

18  "[L]enders are not required to make loan modifications for borrowers that qualify

19  under HAMP nor does the servicer's agreement confer an enforceable right on the

20  borrower."  *Hoffman v. Bank of America, N.A.*, 2010 U.S. Dist. LEXIS 70455, at

21  *15 (N.D. Cal. 2010) (citing cases; construing *Wells Fargo's* HAMP agreement).

22  The *Hoffman* holding is based on the common-sense ground that:

23          As many of the courts have recognized, it would be

24          unreasonable for a qualified borrower seeking a loan

25          modification to rely on the HAMP servicer's agreement as

26          granting him enforceable rights since the agreement does not

27          actually require that the servicer to modify all eligible loans,

28          nor does any of the other language of the contract demonstrate

Anglin Flewelling Rasmussen Campbell & Trytten LLP

that the borrowers are intended beneficiaries.

*Hoffman*, 2010 U.S. Dist. LEXIS 70455, at *10.

"[N]umerous district courts have interpreted identical HAMP agreements and have come to the conclusion that a borrower is not a third party beneficiary." *Id.* (citing cases).  As a result, a borrower does not have standing to sue its lender for alleged violation of the lender's HAMP agreement.   Accordingly, plaintiff's entire complaint which alleges that Wells Fargo improperly failed to grant plaintiff a loan modification fails as plaintiff has no enforceable right to a loan modification.

**4.   PLAINTIFF CANNOT RECOVER IN NEGLIGENCE WITHOUT A DUTY OF CARE (FIRST AND SECOND CLAIMS)**

**A.   Wells Fargo Owes No Duty Of Care In Processing A Modification Application**

Incorporating his previous loan modification allegations, plaintiff's first claim for negligence is based on allegations that Wells Fargo "acting as Plaintiff's lender and servicer, had a duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of the loan records.." (Compl., ¶25) and that "WELLS FARGO breached its duty of care and skill to Plaintiff in the servicing of Plaintiff's loans and in the loan modification process" (Compl., ¶26).  Plaintiff also incorporates his negligence allegations into his third claim for "negligent misrepresentation".  For the reasons briefed below, plaintiff's first and second claims each fail because Wells Fargo owed plaintiff no tort duty of care.

 "A financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  *Nymark v. Heart Fed. Savs. & Loan*

1   *Ass'n,* 231 Cal. App. 3d 1089, 1096 (1991).  Wells Fargo had no duty to review

2   plaintiff for a loan modification and no duty to modify his loan.  Moreover, lenders

3   do not have a common-law duty of care in negligence, to offer, consider, or

4   approve a loan modification, to offer foreclosure alternatives, or to handle loans so

5   as to prevent foreclosure.  *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.

6   App. 4th 49, 68 (2013).

7          Addressing a borrower's allegations that the lender was negligent in failing

8   to review a modification application, the court in *Ortiz v. America's Servicing Co.*

9   dismissed the negligence claim, finding that the lender did not owe a legal duty of

10  care to borrower.  The court explained: "because 'approving an initial loan is

11  within a lender's conventional role, loan modification is also intimately tied to

12  Defendant's lending role,' and therefore does not give rise to a legal duty between

13  the lender and borrower."  2012 U.S. Dist. LEXIS 82092, at *15 (C.D. Cal.

14  Jun. 11, 2012); *Domnie supra*, at **4-5 (N.D. Cal. Jul. 14, 2010) (Rejecting

15  plaintiff's negligence claim and noting that "lenders and loan servicers generally

16  do not owe a legal duty to their borrowers.); *Mabry* (supra), 185 Cal. App. 4th at

17  222-223, 231 (holding that there is no right to a loan modification under Civil

18  Code §§ 2923.5 or 2923.6).

19         Since Wells Fargo owed plaintiff no tort duty of care, plaintiff cannot

20  maintain any negligence (or negligent misrepresentation ) claim against Wells

21  Fargo, and the claims should be dismissed without leave to amend.

22  **B.      The Negligent Misrepresentation Claim Lacks Specificity**

23         Plaintiff incorporates his identical allegations into his second claim for

24  negligent misrepresentation stating that "WELLS FARGO represented to Plaintiff

25  that the Subject Property would not be foreclosed upon during the term of the

26  modification process" (Compl., ¶30) and instead "initiated foreclosure proceedings

27  on Plaintiff's property despite reassurances that this would not occur during the

28  loan modification process" (Compl., ¶33).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   A claim for negligent misrepresentation is a species of fraud and must also

2   be pled with specificity.  *See Lorenz v. Sauer*, 807 F.2d 1509, 1511-12 (9th Cir.

3   1987).  The elements of a cause of action for fraud and a cause of action for

4   negligent misrepresentation are also very similar.  However, the state of mind

5   requirements are different; negligent misrepresentation lacks the element of intent

6   to deceive.  *Platt Elec. Supply, Inc. v. EOFF Elec., Inc*., 522 F.3d 1049, 1055 (9th

7   Cir. 2008).

8   Under the Federal Rules of Civil Procedure, Rule 9(b), fraud allegations

9   must be pled with particularity.  *Glen Holly Entertainment, Inc. vs. Tektronix, Inc.*,

10   100 F. Supp. 2d 1086, 1093-1094 (C.D. Cal. 1999). As against corporate

11   defendants, Rule 9(b) requires plaintiff to plead:  (1) the misrepresentation, (2) the

12   speaker and her authority to speak, (3) when and where the statements were made,

13   (4) whether the statements were oral or written, (5) if written, the documents

14   containing the representations, and (6) the manner in which the representations

15   were allegedly false.  *Ungerleider v. Bank of America Corp.*, 2010 U.S. Dist.

16   LEXIS 138294, at *12 (C.D. Cal. Dec. 27, 2010).

17   Here, plaintiff's claim fails to meet this standard. Plaintiff does not disclose

18   when the misrepresentation were made, who made the representations or what

19   authority the person(s) had to speak.  For all of these reasons, plaintiff's negligent

20   misrepresentation claim for relief should be dismissed, without leave to amend.

21   **C.**   **Plaintiff Fails To Plead Any Damages**

22   Plaintiff's first and second claims for relief are also defective because they

23   do not plead any legally cognizable damages caused by the alleged wrongdoings of

24   Wells Fargo.  First, as briefed fully above, plaintiff has no right to a loan

25   modification under any codified laws.  *See Mabry*, 185 Cal. App. 4th at 222-223,

26   231 (holding that there is no right to a loan modification under Civil Code §§

27   2923.5 or 2923.6; "As mentioned above, there is no right, for example, under

28   [Civil Code Section 2923.5], to a loan modification."); *Hoffman v. Bank of*

1  *America, N.A.*, 2010 U.S. Dist. LEXIS 70455, *15 (N.D. Cal. June 30, 2010)

2  ("lenders are not required to make loan modifications for borrowers that qualify

3  under HAMP nor does the servicer's agreement confer an enforceable right on the

4  borrower").

5      Moreover, it was not Wells Fargo's actions that led to the potential

6  foreclosure sale and loss of plaintiff's property.  By his own admission, plaintiff

7  suffered financial hardships leading to the recordation of foreclosure documents.

8  (Compl, ¶14).  Thus, contrary to Plaintiff's contention, there is no factual basis to

9  show that plaintiff was entitled to a loan modification, or that he was damaged by

10  not receiving a modification.

11  **D.  <u>Plaintiff Failed To Plead The Remaining Elements Of A Negative</u>**

12  **<u>Misrepresentation Claim</u>**

13      "The elements of negligent misrepresentation are (1) the misrepresentation

14  of a past or existing material fact, (2) without reasonable ground for believing it to

15  be true, (3) with intent to induce another's reliance on the fact misrepresented,

16  (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Nat'l*

17  *Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc.*, 171 Cal. App. 4th

18  35, 50 (2009) (citations and internal quotations omitted).

19      First, as briefed *supra*, plaintiff failed to plead a false representation of

20  material fact with the requisite specificity.  Fed. R. Civ. P. 9(b).

21      Second, a representation as to a future event is not actionable.  "To be

22  actionable, a negligent misrepresentation must ordinarily be as to past or existing

23  material facts.  Predictions as to future events, or statements as to future action by

24  some third party, are deemed opinions, and not actionable fraud."  *Tarmann v.*

25  *State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 158 (1991).  In *Tarmann*, the

26  defendants' representative " said it would pay for her repairs immediately upon

27  their completion… "  *Id.* at 158.  The court held this did not " involve a past or

28  existing material fact"; rather, it involved "a promise to perform at some future

Anglin Flewelling Rasmussen Campbell & Trytten llp

1   time."  *Id.*  Like *Tarmann*, the alleged statement that Wells Fargo would grant

2   plaintiff  a permanent loan modification was at most an ambiguous statement about

3   a future event that fails to qualify as a "false representation of material fact."

4       Third, plaintiff fails to plead justifiable reliance.  In fact, plaintiff does not

5   assert any specific allegations related to his justifiable reliance.  He does not allege

6   that he took or did not take some action in reliance on the alleged representations.

7   All he says is that he "justifiably relied on Defendant WELLS Fargo's

8   misrepresentations".  (Compl., ¶32).  Without more, plaintiff's conclusory

9   allegation of "justifiable reliance" fails.

10       Plaintiff's first and second claims for relief each fail and the Court should

11   dismiss both claims without leave to amend.

12   **5.   PROMISSORY ESTOPPEL FAILS UNDER THE STATUTE OF**

13   **FRAUDS AND FOR LACK OF NECESSARY ELEMENTS**

14       Plaintiff claims that Wells Fargo "made representations that it would

15   complete a loan modification review for Plaintiff regarding the Subject Property"

16   but then "chose to go forward with a Trustee's Sale after repeatedly telling Plaintiff

17   that a loan modification would be granted if Plaintiff supplied the necessary

18   documentation" (Compl., ¶36).

19       The elements of promissory estoppel are (1) a clear promise, (2) reasonable

20   and foreseeable reliance, (3) substantial detriment and (4) damages measured by

21   the extent of the obligation assumed and not performed.  *Toscano v. Greene Music*,

22   124 Cal.App.4th 685, 692 (2004).  Courts "have characterized promissory estoppel

23   claims as being basically the same as contract actions, but only missing the

24   consideration  element . . . ." *US Ecology, Inc. v. State of California* 129

25   Cal.App.4th 887, 903 (2005).  Plaintiff's promissory estoppel claim fails.

26   **A.   Plaintiff Has Not Alleged A Clear And Unambiguous Promise**

27       Plaintiff cannot identify a "clear and unambiguous" promise. Although the

28   alleged representations by Wells Fargo about the loan modification imply

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    something about the future, the representations are not clear, unambiguous,

2    enforceable promises that support a promissory estoppel claim. *See Aguilar v. Int'l*

3    *Longshoremen's Union Local # 10*, 966 F.2d 443, 446 (9th Cir. 1992) ("The fact

4    that inferences might be drawn from these representations, however, does not

5    transform them into an enforceable promise.")

6         To be binding, a promise must be "definite enough that a court can

7    determine the scope of the duty[,] and the limits of performance must be

8    sufficiently defined to provide a rational basis for the assessment of damages."

9    *Garcia v. World Savs. Bank, FSB*, 183 Cal. App. 4th 1031, 1045 (2010) (internal

10   quotations omitted). "It is only where a supposed "contract does not provide a

11   basis for determining what obligations the parties have agreed to, and hence does

12   not make possible a determination of whether those agreed obligations have been

13   breached, [that] there is no contract." *Id.*

14        Plaintiff's allegations of purported promises made by Wells Fargo are

15   neither clear nor unambiguous in their terms, because they lack any basis for the

16   Court to determine the scope of the parties' duties, the limits of their performance

17   or a rational basis for assessing damages. Plaintiff does not allege any specific

18   details of the alleged promises to negotiate or modify his loan.  Plaintiff claims that

19   the "promises of WELLS FARGO were clear and made orally in repeated

20   telephone conversations with Plaintiff" (Compl., ¶36), yet plaintiff  fails to identify

21   the substance of any of the "repeated telephone conversations", when the alleged

22   promises were made, the clear and unambiguous terms, etc.  Without these details,

23   the Court has no basis for determining "what obligations the parties have agreed

24   to." *Garcia*, 183 Cal. App. 4th at 1045.

25        Moreover, the signed deed of trust states that it "may be modified or

26   amended only by an agreement in writing signed by Borrower and Lender." (RJN,

27   Ex. A, §23). Having agreed that the terms of his loan could be changed only by a

28   signed writing, plaintiff was not entitled to deem verbal statements by persons of

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  uncertain authority to be enforceable promises to modify the loan. The whole point

2  of the above-quoted provision is to restrict changes to the loan agreements to those

3  undertaken in writing.

4  **B.**   **Plaintiff Has Not And Cannot Establish His Reliance.**

5        Plaintiff states that he "justifiably relied on the representations of Defendant

6  WELLS FARGO to his detriment" (Compl., ¶37) and that he "did not seek any

7  alternative remedies…" (Compl., ¶36).   "However, "where a plaintiff does not

8  'allege facts that could establish that [he] would have been successful in delaying

9  the foreclosure sale, renegotiating [his] loan, and retaining possession of [his]

10  home,' dismissal is proper because the Complaint lacks 'a connection between

11  [his] reliance on the alleged promise and losing [his] home to sustain [his] claim

12  for estoppel.'"   *Newgent v. Wells Fargo Bank, N.A.,* 2010 U.S. Dist. LEXIS 18476,

13  at *18 (S.D. Cal. Mar. 2, 2010).

14        As in *Newgent*, plaintiff fails to allege that he would have been able to retain

15  possession of the Property.  Nor does plaintiff allege that his loan modification

16  application would have been granted.  This alleged reliance is even more

17  unreasonable since Wells Fargo had no duty to modify the loan, even if plaintiff

18  qualified, as briefed in full *supra*.

19        Lastly, plaintiff's claims that he "did not seek any alternative remedies

20  because they were told that they could complete the loan review process with

21  Defendant WELLS FARGO if they provided the documentation to qualify for a

22  loan modification" (Compl., ¶36) and that "[t]his conduct by Defendants has

23  prevented Plaintiff from being able to take measures to save his property" (Compl.,

24  ¶37) are refuted by judicially noticeable documents.  Specifically, plaintiff has

25  sought "alternative remedies" by way of his two bankruptcy petitions.  Plaintiff

26  filed a Chapter 13 petition on May 12, 2010 as case no. 2:10-bk-28985.  (A true

27  and correct copy of this Chapter 13 petition is attached to the RJN as Exhibit J).

28  Plaintiff's bankruptcy  was dismissed on September 19, 2011 when the Court

1   granted the Chapter 13 Trustee's motion to dismiss.  (A true and correct copy of

2   the Order and Notice of Dismissal is attached to the RJN as Exhibit K).

3        Plaintiff filed a Chapter 7 petition on October 10, 2012 as case no. 2:12-bk-

4   44162.  (A true and correct copy of this Chapter 7 petition is attached to the RJN as

5   Exhibit L).  Plaintiff's second bankruptcy action was dismissed on October 31,

6   2012 due to plaintiff's failure to "file all the documents required under F. R. B. P.

7   1007 or 3015(b)…"  (A true and correct copy of the Order and Notice of Dismissal

8   is attached to the RJN as Exhibit M).

9   **C.    The Statute of Frauds Bars A Promissory Estoppel Cause Of Action.**

10       Civil Code § 1624(a)(6), California's statute of frauds, provides that an

11  agreement that "substitute[s] a new monthly payment for the monthly payment

12  required under the note" or "alters the lender's ability to exercise a right of

13  foreclosure under the note or deed of trust due to the borrower's default" is subject

14  to the statute of frauds. *Secrest v. Security Nat'l Mortg. Loan Trust*, 167 Cal. App.

15  4th 544, 553 (2008) (citing cases). "California courts have held that forbearance

16  agreements altering a mortgage are covered by the statute of frauds." *Newgent v.*

17  *Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 18476,  at *13(S.D. Cal. March 2,

18  2010).[2]  Consistent with the statute of frauds, the deed of trust in this case provides

19  that it "may be modified or amended only by an agreement in writing signed by

20  Borrower and Lender." (RJN, Exh. A §23).

21       The Court should decline to enforce alleged promises that do not comply

22  with California's statute of frauds or the writing-only requirement in the parties'

23  contract. The purpose of the statute of frauds, and the writing-only requirement, is

24

25

26  [2]  Underscoring the importance that the creation or modification of any mortgage
    agreement be in writing, a separate statute mandates that "a mortgage can be
27  created, renewed or extended only by writing, executed with the formalities
    required in the case of a grant of real property."  Civ. Code § 2922.

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    to ensure that the parties have "reliable evidence of the existence and terms of the

2    contract and to prevent enforcement through fraud or perjury of contracts never in

3    fact made." *Sterling v. Taylor*, 40 Cal. 4th 757, 766 (2007) (quoting Rest.2d

4    Contracts, § 131, com. c). Plaintiff's allegation of vague, unattributed statements

5    regarding a "review" and "approval" for a modification of unspecified terms

6    provide no assurances in that regard.

7    **6.   PLAINTIFF FAILED TO PLED THE NECESSARY ELEMENTS OF A**

8    **BREACH OF THE IMPLIED COVENANT CLAIM**

9    To allege a claim for breach of the implied covenant, a plaintiff must allege:

10   (1) a valid contract; (2) plaintiff did all or substantially all of the things that the

11   contract required him to do or was excused from performing; (3) all conditions

12   required for defendant's performance had occurred; (4) defendant unfairly

13   interfered with plaintiff's right to receive the benefits of the contract; and

14   (5) defendant's conduct harmed the plaintiff.   *Dooms v. Fed. Home Loan Mortg.*

15   *Corp.*, 2011 U.S. Dist. LEXIS 38550, *20-24 (E.D. Cal. 2011) (quoting *Careau &*

16   *Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990)) (a claim for

17   breach of the implied covenant "'must show that the conduct of the defendant . . .

18   demonstrates a failure or refusal to discharge contractual responsibilities, prompted

19   . . . by a conscious and deliberate act, which unfairly frustrates the agreed common

20   purposes and disappoints the reasonable expectations of the other party thereby

21   depriving that party of the benefits of the agreement.'").

22   **A.   Plaintiff has not Alleged Facts Showing that Wells Fargo Unfairly**

23   **Interfered with Plaintiff's Right to Receive the Benefits of the Contract.**

24   "To state a claim for breach of the implied covenant of good faith and fair

25   dealing, a plaintiff must identify the specific contractual provision that was

26   frustrated." *Perez v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 96706, at

27   *51 (N.D. Cal. 2011); *Racine & Laramie, Ltd. v. Dep't of Parks & Rec.*, 11 Cal.

28   App. 4th 1026, 1031 (1993) ("The implied covenant of good faith and fair dealing

rests upon the existence of some **specific contractual obligation**.") (emphasis added).  Because plaintiff has not identified how any **actual** terms of the contract were frustrated, he cannot state a claim for breach of the implied covenant.

**B.**   **Plaintiff did not Adequately Plead his Performance under the Contract or any Excuse for his Non-Performance.**

Plaintiff alleges that "WELLS FARGO failed to act in good faith and fair dealing when the bank repeatedly asked Plaintiff to submit documentation that they lost, misplaced or intentionally hid in order to give Plaintiff a false sense of hope regarding a potential loan modification" (Compl., ¶42) and "failed to advise Plaintiff of his available alternatives to foreclosure" (Compl., ¶43).

These statements are completely baseless.  First, courts have regularly found that a lender owes no duty to the borrower with respect to a modification.  *See, e.g.*, *Dooms, supra*, at *24-25 ("A lender owes no duty of care to the [borrowers] in approving their loan"); *DeLeon v. Wells Fargo Bank, N.A*., 2010 U.S. Dist. LEXIS 112941, at *9-12 (N.D. Cal. 2010) (negligence claim fails because lender had no "duty to Plaintiffs to complete the loan modification process, postpone the foreclosure sale pending completion of such process, and serve a proper notice of sale").

Further, Wells Fargo's failure to provide plaintiff with a modification (which is its legal right) was **not** the cause of plaintiff's breach of the loan contract.  Clearly, his failure to pay his obligations as they became due resulted in the breach.  No action by Wells Fargo excused his non-performance.

**C.**   **Plaintiff is not Entitled to a HAMP Modification.**

Plaintiff's loan modification argument must fail as a matter of law.  As briefed *supra*, the HAMP contract is an agreement between the federal government and participating lenders.  Federal courts have recognized that borrowers have no legally enforceable right to a loan modification under HAMP.  "[L]enders are not required to make loan modifications for borrowers that qualify under HAMP nor

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  does the servicer's agreement confer an enforceable right on the borrower."

2  *Hoffman, supra*, at *15 (N.D. Cal. 2010) (citing cases; construing *Wells Fargo's*

3  HAMP agreement).

4      These authorities refute plaintiff's implied covenant claim, for at least two

5  reasons.  First, one element of the claim is an existing contract between the parties.

6  *See Fortaleza v. PNC Fin. Servs. Grp., Inc.,* 642 F. Supp. 2d 1012, 1021-22 (N.D.

7  Cal. 2009) (citing *Racine, Supra*).  Plaintiff cannot allege that element because, as

8  a matter of law, he is neither a party nor a third party beneficiary of the HAMP

9  agreement.  Second, the "implied covenant of good faith and fair dealing is limited

10  to assuring compliance with the express terms of the contract, and cannot be

11  extended to create obligations not contemplated by the contract."  *Pasadena Live,*

12  *LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1093-94 (2004).  Therefore,

13  plaintiff may not attempt to assert an implied covenant requiring Wells Fargo to do

14  what the express terms of the loan agreement do not require.

15  **7.   THE "HBOR" HAS NO APPLICATION TO A NON-OWNER**

16  **OCCUPIED, INVESTMENT PROPERTY**

17      Plaintiff asserts a claim for violation of the HBOR based on allegations that

18  Wells Fargo violated Civil Code §§ 2923.5, 2923.7, 2924.11, 2924.17 and

19  2924.18.  (Compl., ¶¶46-480.  Plaintiff's claims fail for the reasons briefed below.

20  **A.   The Property Is Not Owner Occupied and Plaintiff's §2923.5 Claim Fail**

21      To the extent plaintiff is asserting a claim under HBOR based on the

22  recordation of the notice of default in 2011 plaintiff's claims fail.  (Compl., ¶¶46,

23  48).  Plaintiff states that "a borrower may bring an action for injunctive relief to

24  enjoin a material violation of Civil Code section 2923.5…" (Compl., ¶46) and that

25  "a mortgage servicer/bank may not record a notice of default until it complies with

26  numerous specific conditions…" (Compl., ¶48).  Yet, Civil Code §2923.5 does not

27  apply to this Loan.  When plaintiff obtained the loan in 2007, the Deed of Trust

28  reflected that the Property would not be owner occupied. (RJN Exh. A, at ¶32.)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Notably, the deed of trust even provides an address for notices that is different from the subject Property.  (RJN Exh. B at ¶14.)  And nowhere does the complaint allege that plaintiff occupies the Property today as his principal residence.

For a notice of default recorded in 2011, the version of 2923.5 in effect at that time would govern the claim.  *Michael J. Weber Living Trust,* 2013 U.S. Dist. LEXIS 41797, at *10-11 (N.D. Cal. 2013) (HBOR took effect on January 1, 2013 and does not apply retroactively).  Prior to 2013, section 2923.5(i) provided that: "[t]his section shall only apply to . . . owner-occupied residential real property . . . [and] "owner occupied" means that the residence is the principal residence of the borrower as indicated to the lender in the loan documents."  Here, the Loan documents clearly state that this was not an "owner occupied" Loan.  (RJN Exh. B, at ¶32.)  Without owner-occupancy, the statute does not apply and the 2923.5 claim must be dismissed.  *Ismail v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 32594, at *19-*21 (E.D. Cal. Mar. 8, 2013) ("In this case, the statute does not apply, because according to the Deed of Trust, the property was not 'owner-occupied' as required by the statute.").

Moreover, even if section 2923.5 did apply to this loan (which it does not), the complaint readily admits sufficient contact to satisfy the section 2923.5 requirements.  Thus, plaintiff alleges that  Wells Fargo reviewed and denied a loan modification application at least eight times.  (Compl., ¶14).  A loan modification review has been deemed to comply with the very minimal contact requirements of section 2923.5.  *Thu Ha Nong v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 136464, at *4-*5 (C.D. Cal. Dec. 6, 2010).

To the extent that plaintiff is alleging an HBOR claim under the current Section 2923.55, that claim fails since the notice of default was recorded in 2011. (RJN, Exh. G.)  HBOR does not apply retroactively and became effective on January 1, 2013.  *Michael J. Weber Living Trust*, 2013 U.S. Dist. LEXIS 41797, at *10-11 (N.D. Cal. 2013) (HBOR took effect on January 1, 2013 and does not apply

1   retroactively.); *See also, Guglielmelli v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist.

2   LEXIS 43063; *McGough v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS

3   151737, at *16, fn. 4 (N.D. Cal. Oct. 22, 2012) (citing the Legislative Counsel's

4   Digest to A.B. 278 and commenting that "there is no indication that the [HBOR] is

5   intended to be, or will be, applied retroactively.").

6   **B.    Plaintiff Cannot State A Claim Under §2923.7**

7            Civil Code § 2923.7 states that if requested by a borrower who requested a

8   foreclosure prevention alternative, the servicer shall establish a single point of

9   contact and provide one or more direct means of communication with the single

10  point of contact.  Cal. Civ. Code § 2923.7(a).  Here, plaintiff does not allege that

11  he actually requested a single point of contact from Wells Fargo and instead recites

12  the statutory requirements of §2923.7.  Thus, there is no violation of § 2923.7.

13           Moreover, per the statute, a team of individuals is allowed to be the single

14  point of contact, and plaintiff's claim that Wells Fargo never appointed a single

15  point of contact is directly refuted by his own statement that he was" sent written

16  notices with different single point of contact persons names" (Compl., ¶51).

17  Nowhere in §2923.7 does it state that the single point of contact person cannot

18  change.  And every time there was a change in the contact, plaintiff alleges that he

19  received notice.  Nothing more was required.  Accordingly, plaintiff cannot

20  maintain a claim under §2923.7.

21  **C.    Plaintiff Cannot state A Claim Under §2924.11**

22           Civil Code §2924.11 relates to the approval of foreclosure prevention

23  alternatives and mandates certain activity if a foreclosure prevention alternative is

24  approved in writing.  (See, Cal. Civ. Code §2924.11).  Here, there is no allegation

25  that Wells Fargo approved a "foreclosure prevention alternative" in writing.  In

26  fact, plaintiff's complaint alleges the opposite, namely, that Wells Fargo reviewed

27  and denied plaintiff's multiple loan modification applications.  (Compl., ¶14).

28  Accordingly, plaintiff cannot maintain a claim under §2924.11.

**D.    Plaintiff Cannot state A Claim Under §2924.17**

Civil Code §2924.17 is not applicable to this loan.  Section 2924.17 relates to the recordation of foreclosure notices and the accompanying declarations and states that the notices and declarations must be "accurate and complete and supported by competent and reliable information".  Here, there are no allegations that the subsequent notice of sale (RJN, Ex. I), the only document recorded in 2013, was not supported by competent and reliable information, defeating plaintiff's claim.  Moreover, as detailed *supra*, HBOR is not retroactive, and §2924.17 is not applicable to the foreclosure documents recorded prior to 2013.

**E.    Plaintiff Cannot State A Claim Under §2924.18**

Civil Code §2924.18 is not applicable to Wells Fargo.  Specifically, §2924.18 only applies to lenders that "foreclosed on 175 or fewer residential properties" in the preceding annual reporting period.  Civil Code § 2924.18(b).  Nowhere does plaintiff allege that those facts apply to Wells Fargo.

**F.    Plaintiff Is Not Entitled To Injunctive Relief**

Plaintiff seeks injunctive relief for these alleged violations. (Compl., ¶46).  However, plaintiff's request for injunctive relief fails due to his failure to tender.  To enjoin a foreclosure sale, a debtor must make a valid and viable tender of the outstanding indebtedness.  *Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (the tender requirement applies "to any cause of action for irregularity in the sale procedure"); *Gaffney v. Downey Sav. & Loan*, 200 Cal. App. 3d 1154, 1165 (1988) (tender of full debt is a prerequisite to enjoining a foreclosure).   "The rules which govern tenders are strict and are strictly applied . . . ." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003).  Since plaintiff has not, and cannot, tender his full indebtedness, he are not entitled to injunctive relief, and the claim requires dismissal without leave to amend.

**8.    PLAINTIFF'S §17200 CLAIM FAILS BECAUSE PLAINTIFF FAILED TO ALLEGE THE ELEMENTS AND LACKS STANDING**

The UCL precludes any unlawful, unfair, or fraudulent business act or practice. The "unlawful" prong of the UCL applies where a practice is "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838-839 (1994) (citation omitted). In short, the UCL "borrows" violations of other laws and authorizes a separate action pursuant to the UCL. *See Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 393 (1992). The "unfair" prong applies when the practice at issue allegedly violates "the policy or spirit of [anti-trust] laws because its effects are comparable to a violation of the law, or that otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). The "fraudulent" prong, post-enactment of Proposition 64, applies where a business act or practice actually misleads a plaintiff. *See Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 849 (2008).

A claim under Business & Professions Code § 17200 must state with reasonable particularity the facts supporting the elements of the alleged violation. *Khoury v. Maly's, Inc.*, 14 Cal. App. 4th 612, 619 (1993). It requires an allegation of particular facts showing ongoing unlawful, unfair, and fraudulent business acts on the part of the defendant. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003); *Khoury*, *supra* at 619.

Plaintiff alleges no new allegations, and instead incorporates his previous allegations stating that defendants (i) began "improper or premature foreclosure proceedings to generate unwarranted fees while simultaneously promising a loan modification" or, dual-tracking (Compl., ¶55(a)); (ii) entered "into negotiations with no intent to perform the promised obligations" (Compl., ¶55(b)); ; (iii) send and communicated "mixed messages and conflicting information" (Compl., ¶55(c)); and (iv) "intentionally provid[ing] incorrect information and knowingly misleading borrower in order to prevent a successful workout or settlement for a permanent loan modification" (Compl., ¶55(d)).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**A.   The "Fraudulent" Prong Fails to Meet Rule 9(b) Requirements.**

Plaintiff's allegations fall far short of the specificity required under Rule 9(b); therefore, they cannot be the basis for plaintiff's UCL claim. *Qureshi v. Countrywide Home Loans, Inc.,* 2010 U.S. Dist. LEXIS 21843, at *20 (N.D. Cal. March 10, 2010) (UCL claims are subject to the heightened pleading requirements of Rule 9(b)); *Kearns v. Ford Motor Co.,* 567 F. 3d 1120, 1125 (9th Cir. 2009) ("we have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the…UCL.")

Plaintiff failed to fully identify any individual at Wells Fargo who made any purported misrepresentations, that individual's authority to speak on behalf of Wells Fargo, when and where representations were made, and whether the representations were verbal or written. *Tarmann v. State Farm Mutual Auto. Ins. Co.,* 2 Cal. App. 4th 153, 157 (1991).

Plaintiff also cannot plead facts of falsity, knowledge, or reasonable reliance. A claim for fraud must specifically allege facts supporting reliance. *Cadlo v. Owens-Illinois, Inc.,* 125 Cal. App. 4th 513, 519 (2004) ("[T]he mere assertion of 'reliance' is insufficient.  The plaintiff must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance.") As such, plaintiff cannot establish the fraudulent prong of his UCL claim.

**B.   Plaintiff Failed To Raise A Predicate "Unlawful" Act.**

Plaintiff attempts to plead an unlawful practice by alleging various wrongs as set forth above.  "[A]n action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations…as unlawful practices, independently actionable under Cal. Bus.& Prof. Code section 17200 *et seq.* and subject to the distinct remedies provided thereunder." *Farmers Ins. Exch. v. Super. Court,* 2 Cal. 4th 377, 383 (1992) (quotations and citations omitted); *Chabner v. United Omaha Life Ins. Co.,* 225 F.3d 1042, 1048 (9th Cir. 2000).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Where a plaintiff cannot state a claim under the "borrowed" law, he or she

2  cannot state a UCL claim either.  *Ingels v. Westwood One Broad. Servs., Inc.,* 129

3  Cal. App. 4th 1050, 1060 (2005) ("A defendant cannot be liable under § 17200 for

4  committing unlawful business practices without having violated another law.")

5    As discussed above, plaintiff cannot "borrow" from his allegations that

6  Wells Fargo dual tacked, failed to comply with the various Civil Code sections, or

7  failed to grant him a HAMP loan modification, since each of those claims fail for

8  the reasons briefed *supra*.

9  **C.   Plaintiff Failed To "Tether" Any "Unfair" Practice.**

10    An unfair business practice under the UCL is "one that either offends an

11  established public policy or is immoral, unethical, oppressive, unscrupulous, or

12  substantially injurious to consumers."  *McDonald v. Coldwell Banker,* 543 F.3d

13  498, 506 (9th Cir. 2008); *Glenn K. Jackson Inc. v. Roe,* 273 F.3d 1192, 1203 (9th

14  Cir. 2001).  Alternatively, an act is "unfair" under the UCL "if the consumer injury

15  is substantial, is not outweighed by any countervailing benefits to consumers or to

16  competition, and is not an injury the consumers themselves could have reasonably

17  avoided."  *Berryman v. Merit Prop. Mgmt., Inc.,* 152 Cal. App. 4th 1544, 1555

18  (2006).  "Vague references to 'public policy'…provide little real guidance… the

19  action must be 'tethered' to specific constitutional, statutory or regulatory

20  provisions."  *Gregory v. Albertson's, Inc.,* 104 Cal. App. 4th 845, 854 (2002); *Cel-

21  Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,* 20 Cal. 4th 163 (1999).

22    Here, plaintiff cannot "tether" his claim to any specific statutory provision or

23  regulatory provision.  As briefed above, there is no California or federal law that

24  mandates Wells Fargo to modify plaintiff's loan or forbear from foreclosing

25  following plaintiff's default.

26    Furthermore, it is axiomatic that foreclosures pose a hardship on property

27  occupants.  Yet if this was the main consideration, lenders would never be

28  permitted to enforce their security interest and proceed to sale.  *Alcaraz v.*

1  *Wachovia Mortg., FSB*, 592 F. Supp. 2d 1296, 1301-02 (E.D. Cal. Jan. 6, 2009).

2  **D.  <u>Plaintiff Lacks Standing To Raise His UCL Claim for Relief.</u>**

3        Lastly, plaintiff lacks standing to bring a UCL claim.  The pleadings are

4  devoid of facts showing Wells Fargo caused actual loss to plaintiff, which is

5  essential to a UCL claim.  *Hall v. Time, Inc*., 158 Cal. App. 4th 847 (2008).

6  Plaintiff did not suffer an actual loss as he borrowed money in 2006 and has not

7  repaid the loan.  Thus, plaintiff lacks standing to bring an UCL claim.  *DeLeon,*

8  *supra*, at **19-22 ("the facts alleged suggest that Plaintiffs lost their home because

9  they became unable to keep up with monthly payments and lacked the financial

10  resources to cure the default…it does not appear that [the bank's] conduct resulted

11  in a loss of money or property.  For this reason, plaintiff lacks standing to sue

12  under the UCL…the claim must be dismissed.").  For all of the foregoing reasons,

13  plaintiff's UCL claim should be dismissed without leave to amend.

14                        **9.   <u>CONCLUSION</u>**

15        For the reasons stated above, Wells Fargo respectfully requests that this

16  Court grant the motion to dismiss without leave to amend and dismiss Wells Fargo

17  from the lawsuit with prejudice.

18                                Respectfully submitted,

19  Dated:  March 12, 2014              ANGLIN, FLEWELLING, RASMUSSEN,
20                                        CAMPBELL & TRYTTEN LLP

21                                By:  _____/s/ Chanel L. Oldham_____
22                                    Chanel L. Oldham
23                                    coldham@afrct.com
                                     Attorneys for Defendant
24                                   WELLS FARGO BANK, N.A., successor
                                     by merger with Wells Fargo Bank
25                                   Southwest, N.A., f/k/a Wachovia Mortgage,
                                     FSB, f/k/a World Savings Bank, FSB
26                                   ("Wells Fargo")

27

28

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

*Counsel for Plaintiff, Derrick Florence:*

Daniel Lucid, Esq.
Nedda Haeri, Esq.
LUCID LAW, PLC
164 N. Second Avenue
Upland, California 91786

T: (909) 296-7030 | F: (909) 321-5179
nhaeri@lucidslaw.com
legalassistant@lucidslaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on March 12, 2014.

| Kimberly Wooten | /s/ Kimberly Wooten |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |